# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN J. HUBBARD, and BARBARA J. HUBBARD, <br><br>  Plaintiff, <br><br> vs. <br><br> SOBRECK, LLC dba JOHNNY CARINO'S, <br><br>  Defendant. | CASE NO. 04-cv-1129 WQH (LSP) <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES |

HAYES, Judge:

The matter before the Court is the Motion for Attorneys' Fees and Costs by Defendant Sobreck, LLC (Doc. No. 82). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Local Civil Rule 7.1.

**BACKGROUND**

On June 4, 2004, Plaintiffs Lynn Hubbard and Barbara Hubbard ("Plaintiffs") filed a Complaint against Sobreck, LLC ("Defendant") and Eastlake Village Marketplace, LLC for violations of the Americans with Disabilities Act ("ADA"); the California Disabled Persons Act ("CDPA"); and the California Unruh Act. Defendant owns and operates Johnny Carino's Restaurant ("the Restaurant"). Plaintiffs visited the Restaurant and alleged that they encountered multiple barriers depriving them of full and equal access.

In the Complaint, Plaintiffs alleged 38 specific violations. Ten of these violations were parking lot issues and were resolved in a settlement agreement in 2004. (Mot. for Attorneys' Fees at

1  5.) Shortly thereafter, the Court dismissed defendant Eastlake Village Marketplace, LLC from the
2  case. Of the remaining 28 alleged violations, all but nine were abandoned before trial. On May 2,
3  2006, the Court commenced a two-day bench trial to resolve disputed issues of fact with regards to
4  the remaining nine allegedly discriminatory barriers set forth in the Pretrial Order.

5  After trial, the Court held that Plaintiffs failed to present sufficient evidence to establish that
6  they were denied full and equal enjoyment of the Restaurant. The Court found that Plaintiffs'
7  testimony regarding architectural barriers encountered was not credible and not reliable to support any
8  claim of discrimination based upon accessibility. The Court concluded that the evidence presented
9  at trial established that Defendant was not in violation of the requirements of either the ADA
10 Accessibility Guidelines ("ADAAG") or the California Building Code. On August 4, 2006, the Court
11 entered a judgment in favor of Defendant on all of Plaintiffs' claims. Defendant now moves for
12 attorneys' fees and costs pursuant to the ADA, 28 U.S.C. § 1927, and Cal. Civ. Code § 55.

13 **DISCUSSION**

14 **Fees under Federal ADA claim**

15 While attorney's fees generally are not recoverable, such fees may be awarded if authorized
16 by enforceable contract or by applicable statute. *Alyeska Pipeline Services Company v. Wilderness*
17 *Society,* 421 U.S. 240, 257 (1975). The ADA provides that "the court in its discretion, may allow
18 the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs." 42
19 U.S.C. § 12205. However, fees are not awarded as a matter of course to prevailing defendants,
20 and should only be awarded under exceptional circumstances, "upon a finding that the plaintiff's
21 action was frivolous, unreasonable, or without foundation." *Summers v. Teichert & Son, Inc.*, 127
22 F.3d 1150, 1154 (9th Cir. 1997). "An action is frivolous if it lacks an arguable basis in law or in
23 fact, though it need not be brought in bad faith. Even where plaintiff is unaware at the
24 commencement of the suit that the claim is frivolous, he may be liable for attorneys fees if he
25 continues to litigate after it becomes clear that the action lacks factual substance." *Peters v. Winco*
26 *Foods, Inc.*, 320 F. Supp. 2d 1035, 1037 (N.D. Cal. 2004) (internal citations omitted).

27 Defendant contends that Plaintiffs' ADA claims were "frivolous, unreasonable, and
28 groundless -- without basis in law or fact", and that this case therefore falls into the category of

1  exceptional cases meriting an award for attorneys' fees under the ADA . (Mot. for Attorneys'
2  Fees at 4-5.)  Defendant argues that Plaintiffs' claims were frivolous because Plaintiffs filed a
3  form complaint, identical to more than 200 others filed by Plaintiffs in this Court, and not one of
4  the 38 separate violations alleged therein was decided in Plaintiffs' favor.  (Mot. for Attorneys'
5  Fees at 5-6.)  Defendant contends that the frivolous nature of Plaintiffs' claims is supported by the
6  fact that the Court found Plaintiffs' testimony not credible.  (Mot. for Attorneys' Fees at 7-8.)

7  Plaintiffs argue that Defendant is not entitled to attorneys' fees and costs because
8  Defendant's own expert confirmed the presence of 14 of the 38 alleged violations in the
9  Restaurant.  (Opp'n at 3.)  Plaintiffs contend that their case had a sound basis in law and fact, and
10 does not fall under the ADA exception allowing for an award of attorneys' fees to Defendant.
11 (Opp'n at 3.)  Plaintiffs contend that their case cannot be described as frivolous simply because the
12 defendant prevailed on the nine claims litigated at trial.  (Opp'n at 4.)

13 Plaintiffs further argue that Defendant is not entitled to attorneys' fees because the  Court
14 found that Plaintiffs lacked standing to bring the action, and "a finding that a plaintiff lacks
15 standing to bring the action prevents a court from recognizing the defendant as the 'prevailing
16 party' such that an award of fees is appropriate."  (Opp'n at 6 (citing *Palmer v. Chelsea Financing*
17 *Partnership, LP, et al.*, 2006 WL 851494, *2 (E.D. Cal. 2006)).  Plaintiffs infer the lack of an
18 "injury in fact", which is necessary for constitutional standing, from the Court's finding that
19 Plaintiffs' testimony regarding barriers in the Restaurant was not credible.

20 The Court did not decide any of the issues at trial on standing grounds but rather entered a
21 judgment on the merits in favor of Defendant as to all of Plaintiffs' claims.  Although the Court
22 found that Plaintiffs failed to present sufficient evidence to establish that they were denied full and
23 equal enjoyment of the Restaurant, the Court does not find that Plaintiffs' claims were frivolous
24 such that they merit an award of attorneys' fees to Defendant under the ADA.  Defendant's Motion
25 for Attorneys' Fees under the ADA is denied.

26 **Fees under 28 U.S.C. § 1927**

27 Defendant moves for an award of attorneys' fees against Plaintiffs' attorney, Lynn
28 Hubbard III ("Plaintiffs' attorney"), pursuant to 28 U.S.C. § 1927.  (Mot. for Attorneys' Fees at 8.)

1  Section 1927 provides: "Any attorney . . . who so multiplies the proceedings in any case
2  unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,
3  expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927
4  (1980). An award of attorneys' fees under section 1927 requires a finding that the attorney acted
5  in bad faith. *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990).
6  "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or
7  argues a meritorious claim for the purpose of harassing an opponent.'" *Id.* (quoting *Soules v.*
8  *Kauaians For Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988)).

9  Defendant contends that Plaintiffs' attorney acted in bad faith by frivolously alleging non-
10  existent violations, thereby wasting time and resources. (Mot. for Attorneys' Fees at 8.)
11  Defendant contends that Plaintiffs' attorney has filed close to 1,000 ADA lawsuits in California
12  and should be "charged with the knowledge necessarily gained from the experience of filing so
13  many ADA cases." (Mot. for Attorneys' Fees at 8.) Plaintiffs' attorney argues that he did not
14  bring this lawsuit in bad faith since there was an arguable basis in law or fact as to the claimed
15  ADA violations all the way through trial. (Opp'n at 5 n.2). In support of the argument that the
16  lawsuit had merit, Plaintiff restates the fact that Defendant's expert confirmed the existence of 14
17  ADA violations at the time that the claim was filed. (Opp'n at 5 n.2.)

18  The standard for awarding attorneys' fees to a prevailing defendant under section 1927 is
19  narrower than the standard under the ADA. *White v. Divine Invs., Inc.*, No. Civ. S-04-0206, 2006
20  U.S. Dist. LEXIS 16, *8 n.5 (E.D. Cal. Jan. 3, 2006). Where the ADA requires a showing that the
21  claim was frivolous, section 1927 requires both that the claim was frivolous and that the attorney
22  brought it in bad faith. *Id.* The Court has found that Plaintiffs' ADA claims were not frivolous.
23  Therefore, the Court denies Defendant's Motion for Attorneys' Fees pursuant to section 1927.

24  **Fees under California Disabled Persons Act**

25  Defendant seeks attorneys' fees pursuant to California state law on the grounds that
26  Defendant prevailed on Plaintiffs' claims under the California Disabled Persons Act (Cal. Civ.
27  Code § 54.1). Cal. Civ. Code § 55 provides: "Any person who is aggrieved by a violation of
28  section 54 or 54.1 of this code . . . may bring an action to enjoin the violation. The prevailing

party in the action *shall* be entitled to recover reasonable attorneys' fees." (emphasis added.)  Once the trial court has determined who is the prevailing party, the language of Cal. Civ. Code § 55 is clear that attorneys' fees are not discretionary. *See Goodell v. Ralphs Grocery Co.*, 207 F. Supp. 2d 1124, 1127 (E.D. Cal. 2002).  However, even if the defendant prevails at trial, a plaintiff can be considered the "prevailing party" for purposes of  Cal. Civ. Code § 55 if the lawsuit was the catalyst that motivated the prevailing defendant to modify their discriminatory behavior. *Donald v. Cafe Royale, Inc.*, 218 Cal. App. 3d 168, 185 (Cal. App. 1st 1990).

Plaintiffs initially argue that the Court does not have the discretion to award attorneys' fees under Cal. Civ. Code § 55 because it does not have supplemental jurisdiction over the state law claims.  Plaintiffs claim that "where standing is found lacking for a federal claim, a district court has no discretion to retain supplemental jurisdiction over the plaintiff's state law claims."  (Opp'n at 7-8 (citing *Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 664 (9th Cir. 2002))). However, none of the issues at trial were decided on standing grounds.  The Court found in favor of Defendant on Plaintiffs' federal ADA claims, and exercised supplemental jurisdiction under parallel California disability laws for claims arising from the same nucleus of operative facts, pursuant to 28 U.S.C. § 1367.

Plaintiffs further argue that an award of attorneys' fees would not be appropriate in this case. (Opp'n at 8 (citing *Donald*, 218 Cal. App. 3d at 184-85)).  Plaintiffs contend that "there can be no doubt that the [Plaintiffs'] lawsuit was the sole motivation that forced defendant to bring its property into ADA and CBC compliance", and that Plaintiffs should therefore be considered the prevailing party.  (Opp'n at 8-9.)

In *Donald*, the defendant restaurant was forced to go out of business due to the high costs of complying with handicap access requirements.  218 Cal. App. 3d at 185.  This closure rendered the issue of compliance moot, and the defendant restaurant prevailed at trial.  Id.  For the purpose of attorneys' fees, the court in *Donald* held that the plaintiff was the "prevailing party" because the lawsuit was the sole reason that the restaurant ceased to operate in violation of access requirements. *Id.*

In the case before this Court, Plaintiffs have not shown that their lawsuit was the catalyst

that motivated Defendant to make any alterations to the Restaurant. The fact that Defendant was found to be in compliance with the ADA and the CBC with regard to the nine alleged barriers litigated at trial does not indicate that Plaintiffs were instrumental in bringing Defendant into compliance. Therefore, the Court finds that Defendant was the prevailing party at trial, and, as such, is entitled to recover reasonable attorneys' fees under California law. Because the evidence and argument submitted on the federal claims was identical to the state law claims, the Court finds that Defendants are entitled to reasonable fees.

**The Amount of Fees Sought**

The amount of reasonable fees to be awarded to the prevailing party are calculated according to a two part lodestar/multiplier approach. Under the lodestar method, a court determines an initial estimate of fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 n.5 (9th Cir. 1987). A court may then adjust the lodestar figure upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. There is a strong presumption that the lodestar figure represents a reasonable fee, and any upward or downward adjustment of that figure is proper only in "rare and exceptional cases." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citations omitted).

*Hourly Rate*

Defendant requests an award of attorneys' fees based on an hourly rate of $325.00 for lead counsel Donald Merkin. In support of this rate, Attorney Merkin declares that he has practiced law for over 30 years, that he operates his own law firm, and that he has "found [$325.00] to be about the average for an attorney in San Diego with [his] ability and experience." (Decl. of Donald Merkin in Support of Defendant Sobreck's Motion for Attorneys' Fees and Litigation Expenses after Trial ("Decl. of Donald Merkin") at 2.) Defendant also submits the declaration of Jerry Hemme, the managing partner of Goode, Hemme, Peterson & Sayler in San Diego. Attorney Hemme declares that Attorney Merkin "is a highly skilled, experienced and competent attorney", and that a rate of $325.00 per hour is reasonable for such an experienced attorney in San Diego. (Decl. of Jerry D. Hemme in Support of Defendant Sobreck's Motion for Attorney Fees at 1-2.)

Plaintiffs contend that the declarations of Attorneys Merkin and Hemme are nothing more than conclusory statements which fail to provide information on the prevailing rates in San Diego. (Opp'n at 9.) Plaintiffs point out that this Court has found such conclusory statements to be insufficient. (Id. (citing *Jones v. Wild Oats Market Inc. dba Henry's*, Case No. 04-1018-WQH (WMC), Docket Item #124, Order on Defendant's Motion for Fees at 13-14.))

In order to determine the reasonableness of an attorneys' hourly rate, a court looks to the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). In *Jones v. Wild Oats*, an ADA case in which the plaintiff was represented by Lynn Hubbard III, this Court found that $325.00 was a reasonable hourly rate for defendant's counsel who had graduated law school in 1989 and worked at one of the 10 largest firms in California. (Order at 14, July 6, 2006.)

In this case, Defendant provides sufficient evidence to show that Attorney Merkin is a similarly qualified attorney. He has been in practice since 1974 and has worked specifically on ADA litigation for over ten years. (Decl. of Donald Merkin at 1-2.) The Court finds that $325.00 per hour is a reasonable rate based on Attorney Merkin's qualifications and experience.

Defendant also requests that an award of attorneys' fees include the amount billed by legal assistant Alice Starr at an hourly rate of $110.00. Attorney Merkin declares that Starr has worked for him for twenty years and that her time has been reasonably billed at $110.00 for several years. (Decl. of Donald Merkin at 2-3.) Starr declares that she has extensive experience in both state and federal litigation in the state of California. (Decl. of Alice Starr in Support of Defendant Sobreck's Motion for Attorney Fees at 1.) Plaintiffs oppose Starr's hourly rate of $110.00 on the grounds that Defendant has not provided any evidence that Starr is a qualified paralegal.

There is evidence that Starr has gained extensive experience through her service as a legal assistant to Attorney Merkin. Starr assisted Attorney Merkin as second seat at trial in this case. (Decl. of Donald Merkin at 4.) The Court finds the record sufficient to establish that Starr has the experience and responsibility to merit an hourly fee of $110.00.

*Hours Expended*

The party requesting attorneys' fees must produce billing records that are detailed enough to enable the reviewing court to identify distinct claims. *Schwartz v. Secretary of Health & Human Services*, 73 F.3d 895, 906 (9th Cir. 1995). The party opposing the request for attorneys' fees is required to submit evidence challenging the accuracy and reasonableness of the hours charged. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Defendant has submitted a 19 page Itemization of Fees which describes each activity and includes the date, the initials of the person who conducted the activity, the amount of time spent, and the rate requested. (Exhibit A to the Decl. of Donald Merkin.) Plaintiffs do not object to any of Attorney Merkin's activities or hours spent on those activities. The Court finds that the hours charged by Attorney Merkin are accurate and reasonable.

Plaintiffs object to the inclusion of the hours worked by Starr on the grounds that her work is clerical in nature and therefore should not be recovered. (Opp'n at 10.) Plaintiffs specifically object to reimbursement for Starr's attendance at trial on the grounds that Defendant fails to explain the nature of Starr's tasks during trial.

"[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). Rather, the time spent on "filing, document organization and other clerical matters" should be accounted for in the law firm's overhead, and is not recoverable. *See Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986).

Defendant requests reimbursement for 19.2 paralegal hours at the hourly rate of $110.00. The Itemization of Fees includes the following activities performed by Starr: teleconferences with Attorney Hubbard's office regarding expert deposition schedules, deposition location and payment of expert witness's travel (0.8 hours); site visit to the Restaurant in preparation for trial (2.5 hours); trial attendance (12 hours); teleconference with court clerk regarding exhibit marking from trial (0.5 hours); preparation of bill of costs (2 hours); and preparation of declaration in support of

Motion for Attorney Fees (0.4 hours). (Exhibit A to the Decl. of Donald Merkin at 10, 11, 13, 17, and 19.)[1] Having reviewed this itemization of Starr's time, the Court will not award fees for time spent on teleconferences regarding scheduling and payment, or attendance at trial because there is no evidence that Starr's work was not clerical in nature. Accordingly, the Court will reduce the hours requested by Defendant by 12.8 hours, or by a total of $1,628.00.

**LODESTAR AMOUNT**

The Court finds that the lodestar amount reflected by the hours reasonably expended at a reasonable hourly rate is as follows:

| | | |
|---|---|---|
| Donald Merkin | 239.1 hours @ $325.00 per hour | $ 77,707.50 |
| Alice Starr | 5.4 hours @ $110.00 per hour | $ 594.00 |
| | TOTAL LODESTAR AMOUNT | $ 78,301.50 |

Although the lodestar amount is presumptively reasonable, in rare and exceptional cases the court can adjust the lodestar amount upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. *See Van Gerwen*, 214 F.3d at 1045. "[The] Supreme Court has held that novelty or complexity of the issues should not be considered at the multiplier stage, and that the quality of representation and results obtained are ordinarily subsumed in the lodestar determination." *Id.* at 1045 n.2. The Court has evaluated each of the multiplier factors and finds that none would support an increase or a decrease of the lodestar amount in this case.

*Additional Fees and Expenses*

In addition to the lodestar amount, Defendant requests expert witness expenses in the amount of $14,247.35. (Mot. for Attorneys' Fees at 13.) Plaintiffs contend that the expert witness fees are not recoverable because Defendant's expert was not ordered by the Court. (Opp'n at 10.)

Under California Code of Civil Procedure § 1032(b), "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." California Code of Civil Procedure § 1033.5(a) lists the items that are allowable as costs to the prevailing party, and section 1033.5(b)

---

[1] Ms. Starr's work that was billed to Defendant adds up to 18.2 hours, one hour less than that requested by Defendant.

lists those items that are not recoverable. Section 1033.5(b) specifically states that "fees of experts not ordered by the court" are not allowable as costs, except when expressly authorized by law. In this case, the expert testimony was not ordered by the court. In addition, California Civil Code § 55, pursuant to which the Court has awarded attorneys' fees to Defendant, does not expressly authorize the recovery of expert witness fees. Therefore, the Court finds that expert witness expenses are not recoverable in this case.

Defendant also seeks to recover taxable costs in the amount of $1,789.36 as itemized in its Bill of Costs. (Mot. for Attorneys' Fees at 13.) Plaintiffs object to Defendant's Bill of Costs on the grounds that Defendant lacks standing as the prevailing party in this matter. (Plaintiffs' Objection to Defendant's Bill of Costs at 1.) The Court has found that Defendant is the prevailing party in this matter and therefore has standing to request an award of costs. Plaintiffs do not object to the amount of litigation expenses requested by Defendant. The Court finds that an award of the entire amount of litigation expenses is reasonable. Plaintiffs are not entitled to recover any costs and expenses awarded in this motion in the pending Bill of Costs.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion for Attorneys' Fees is granted in the amount of $78,301.50 for attorney and paralegal fees and in the amount of $1,789.36 for litigation expenses for a total award of $80,090.86.

IT IS SO ORDERED.

DATED: November 22, 2006

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge